UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KANISHA MCDONALD

    Plaintiff,

v.

THE FRESH MARKET, INC., a Foreign Corporation,

    Defendant.

## NOTICE OF REMOVAL

Defendant, THE FRESH MARKET, INC. (hereinafter "FRESH MARKET" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Miami Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, KANISHA MCDONALD ("Plaintiff"), commenced this civil action in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida styled KANISHA MCDONALD v. THE FRESH MARKET, INC., CASE NO. 2021-000267-CA-01 (the "Action"). Attached hereto as Exhibit "1" is a copy of the original Complaint.

2. FRESH MARKET was served with the original Complaint on or about January 14, 2021. Attached hereto as Exhibit "2" is a copy of the Summons and proof of service of the Complaint on FRESH MARKET.

3. Undersigned counsel received a copy of said Complaint on or about January 15, 2021, and advised Plaintiff on or about January 19, 2021 of Defendant's intention to remove this action. Attached hereto as Exhibit "3" is Defendant's correspondence to Plaintiff's counsel dated January 19, 2021, providing notice of the intent to remove and the accompanying proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

4. Plaintiff's counsel refused to execute the proposed Joint Stipulation of Alleged Damages and further proposed that the parties stipulate that the alleged damages exceeds $75,000.00, exclusive of interest and costs. See true and correct copy of Plaintiff's January 20, 2021 correspondence rejecting Defendant's proposed Joint Stipulation of Alleged Damages and enclosing Plaintiff's proposed Joint Stipulation of Alleged Damages attached hereto as part of Exhibit "3".

5. While Plaintiff's Amended Complaint is highly vague and ambiguous, this is an alleged personal injury case in which FRESH MARKET is alleged to have been negligent because of an unspecified injury Plaintiff purportedly sustained on April 8, 2020 while at an unspecified location of the large premises located at 18299 Biscayne Blvd., Aventura, Florida. In short, the Complaint alleges Plaintiff somehow slipped and fell on an unidentified "slippery and foreign

substance" while at the subject premises.[1] Subsequently, Plaintiff alleges a host of legal conclusions without any supporting factual allegations.

6. Defendant FRESH MARKET seeks removal to the Southern District of Florida, Miami Division, the District in which the action is now pending.

7. This Notice is filed within thirty (30) days of the date that FRESH MARKET first received a copy of Plaintiff's Complaint, and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

8. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

9. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida as required by law.

10. Attached hereto as part of Exhibit "4" to this Notice as Exhibits are all true and legible copy of all non-discovery related process, pleadings, orders and other papers or exhibits of every kind on file in the Circuit Court.

11. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

12. The Amended Complaint states that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff, if she prevails, are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, she sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental

---

[1] See Complaint, paragraphs 2 and 3.

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a preexisting condition. Plaintiff further alleged the losses are permanent or continuing, and that she will suffer losses in the future.[2] Defendant has attached, as Exhibit "5", Plaintiff's claimed medical bills and redacted medical records demonstrating purported injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00. In summary, the limited medical records received to date indicate that Plaintiff allegedly sustained the following injuries as a result of the subject incident: (1) interstitial tear of the supraspinatus; (2) lateral recess and neural foraminal disc herniation with mild to moderate spinal stenosis at L3-4; (3) central disc herniation at L4-L5; (4) central disc herniation impinging on the thecal sac at L5-S1; and (5) central disc hernaition at C4-5 and C6-7.  See Exhibit "5", redacted medical records.

13. Florida jury verdict searches, attached as Exhibit "6", for similar injuries consisting of lumbar and cervical disc herniation demonstrates that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See *TRIANA vs. PALM BEACH COUNTY SHERIFF'S DEPARTMENT.*, Case No. 502003CA000898, Palm Beach County, 2005 (Plaintiff was awarded $361,271 for cervical and lumbar disc herniations requiring cervical fusion and potentially future lumbar fusion. The award included $24,800 in past pain and suffering; $120,450 in future pain and suffering and the remainder in economic damages; as well as $4 for loss of consortium); *JONES vs. CARNIVAL CORPORATION*, Case No. 04-CV-20407, S.D. Fla., 2006 (Plaintiff was awarded $140,000.00 for only a cervical fusion.); *BROWN V. KNOX*, Case No. 16-2007-CA-002674, Duval County, 2009 (Plaintiff was awarded $175,900.00 for cervical disc herniation requiring cervical fusion and resulting permanent injury.); and *MORAND vs. CARLI*, Case No. 01-06-CA-29-J, Alachua County, 2008 (Plaintiff was awarded $299,215.00 for a lumbar

---

[2] Complaint, paragraph 6.

herniation, requiring surgery, and a torn meniscus also requiring surgery. The award included $160,000.00 for past pain and suffering and $41,760.00 for future pain and suffering). See attached Exhibit "6", jury verdict searches.

14. Additionally, Plaintiff's pre-suit demand of September 15, 2020 claims medical specials of $167,363.70, and contains a settlement demand of $625,000.00, and is further evidence that the $75,000.00 amount in controversy requirement is satisfied. See true and correct copy of Plaintiff's September 15, 2020 pre-suit demand correspondence attached hereto as Exhibit "5".

15. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. Moreover, Plaintiff's counsel proposed a Joint Stipulation of Alleged Damages stipulating the alleged damages exceeds $75,000.00, exclusive of interest and costs. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Plaintiff's counsel also refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal.

17. Plaintiff is a citizen of Florida and the Defendant FRESH MARKET is a Delaware corporation with its principal place of business located in North Carolina at 628 Green Valley Road, Suite 500, Greensboro, North Carolina 27408. FRESH MARKET is therefore a citizen of the State of North Carolina for purposes of diversity jurisdiction.

18. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. **CONCLUSION**

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendant who is a citizen of North Carolina. Accordingly, Defendant FRESH MARKET respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

            Respectfully submitted,

            /s/ *William A. Potucek*
            Michael Alexander Garcia
            Fla. Bar No. 0161055
            Email: mgarcia@fowler-white.com

            William A. Potucek
            Fla. Bar No. 100577
            Email: wpotucek@fowler-white.com

            Katina M. Hardee
            Fla. Bar No. 16069
            Email: khardee@fowler-white.com

            FOWLER WHITE BURNETT, P.A.
            Brickell Arch, Fourteenth Floor
            1395 Brickell Avenue
            Miami, Florida 33131
            Telephone: (305) 789-9200
            Facsimile: (305) 789-9201

## CERTIFICATE OF SERVICE

    I hereby certify that on January 21, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                           s/William A. Potucek
                                           William A. Potucek

## SERVICE LIST

CASE NO.

Andrew S. Ben, Esq.
Fla. Bar No. 109024
The Ben Law Firm, PLLC
2699 Stirling Road, Suite C-301
Fort Lauderdale, FL 33312
Telephone: (954) 961-2055
andy@thebenlawfirm.com
larry@thebenlawfirm.com
mailroom@thebenlawfirm.com
*Attorney for Plaintiff*