United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kanisha McDonald, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20259-Civ-Scola |
| | ) |
| The Fresh Market, Inc., Defendant. | ) |

### Order on Motion to Remand

This matter is before the Court upon the Plaintiff's motion to remand. (ECF No. 8.) On January 21, 2021, the Defendant, The Fresh Market, Inc., timely removed the instant matter to federal court, consistent with 28 U.S.C. § 1446, invoking this Court's diversity jurisdiction, 28 U.S.C. § 1332. In its notice of removal, the Defendant claimed the matter is removable as greater than $75,000.00 is at issue and there is complete diversity between the parties. (ECF No. 1, at 6.) Specifically, the Defendant argues that itemized medical bills provided by the Plaintiff to the Defendant, attached to the Defendant's notice of removal as Exhibit 5 (*See* ECF No. 1-6), shows an amount in controversy of at least $167,363.70 between the parties.

While the Plaintiff agrees the Defendant timely removed this matter and there is complete diversity between the parties, the Plaintiff does not agree that the Court's jurisdictional threshold has been met. (ECF No. 8, at 1-2.) In support of its argument, the Plaintiff argues that the demand letter relied upon by Plaintiff's counsel, which include the medical bills mentioned above, cannot be relied upon by the Court under Federal Rule of Evidence 408. The Court finds the Plaintiff's arguments unavailing.

Where, as here, the "jurisdictional amount is not facially apparent from the complaint, the Court should look to the notice of removal." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Disregarding the Plaintiff's pre-suit demand letter, the Plaintiff offers no arguments as to why the Court should not consider the medical bills which are related to medical services the Plaintiff sustained as a result of her slip and fall at the Defendant's store, aside from the fact that these bills were provided by the Plaintiff to the Defendant as an attachment to its demand letter. These bills provide the Defendant with notice of the value of the Plaintiff's claims, and it is appropriate for the Court to consider them. As Defendant's notice of removal attaches these bills and these bills evidence that well over $75,000.00 is at issue between the parties, the Court finds that removal is appropriate.

In consideration of the above, the Court **denies** the Plaintiff's motion to remand. (**ECF No. 8**.) The Court further **denies** the Plaintiff's request that the Court award the Plaintiff costs and expenses incurred as a result of the Defendant's removal, pursuant to 28 U.S.C. § 1447(c).

**Done and ordered** in Miami, Florida, on February 17, 2021.

_____
Robert N. Scola, Jr.
United States District Judge