United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Kanisha McDonald, Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 21-20259-Civ-Scola |
| The Fresh Market, Inc., Defendant. | ) | |

### Order Requiring Amended Complaint

This matter is before the Court upon the Defendant's motion to dismiss the Plaintiff's first amended complaint. (ECF No. 19.) This action arises from injuries allegedly sustained by the Plaintiff Kenisha McDonald when she slipped and fell at the Defendant's business located at 18299 Biscayne Blvd., Aventura, Florida, 33160. For the reasons set forth below, the Court **strikes** the Plaintiff's first amended complaint (**ECF No. 17**) and **denies as moot** the Defendant's motion to dismiss. (**ECF No. 19**.)

1. **Shotgun Pleading**

Upon review of the Plaintiff's first amended complaint, the Court finds it is an impermissible shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading."). When shotgun pleadings "are allowed to survive past the pleadings stage, 'all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1328-29 (11th Cir. 2021) (Tjoflat, J., concurring) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 192 F.3d 1290, 1333 (11th Cir. 1998)). Faced with a shotgun pleading, district courts should "*immediately* order a repleader and instruct the party to plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b)." *Id.* at 1329 (emphasis in original).

The Eleventh Circuit has identified four rough types of shotgun pleadings: 1) "the most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; 2) a complaint that commits the "venial sin" of being replete with conclusory, vague, and immaterial facts; 3) a pleading that fails to separate into a different count each cause of action; and 4) where a plaintiff asserts multiple claims against multiple defendants but fails to specify which defendants the respective claims are brought against. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The Court finds that the Plaintiff's complaint is the third type of shotgun pleading identified by the Eleventh Circuit. In violation of the Federal Rules, the complaint fails to make any attempt to clearly state the cause of action or causes of action the Plaintiff alleges against the Defendant. The Plaintiff is warned that any attempts to lump multiple claims into a single cause of action will not be well taken and will result in the Court striking the Plaintiff's complaint once again, or potentially in dismissal of this action as set forth below. *See, e.g., Wheeler v. Carnival Corp.*, No. 20-20859-Civ, 2020 WL 977935, at *1 (S.D. Fla. Feb. 28, 2020) (Scola, J.) ("Within the third 'general negligence' count, Wheeler attempts to cram multiple, distinct theories of liability into one claim. Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.").

### 2. Conclusion

Accordingly, the Court **strikes** the Plaintiff's complaint (**ECF No. 17**), as a shotgun pleading. The Plaintiff may file an amended complaint by **May 4, 2021**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, the Plaintiff must assert each theory of liability as a separate cause of action, being careful not to include redundant claims in her amended pleading. Consistent with this order, the Court **denies as moot** the Defendant's motion to dismiss. (**ECF No. 19**.)

The Plaintiff is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on April 27, 2021.

_____
Robert N. Scola, Jr.
United States District Judge