United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kanisha McDonald, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-20259-Civ-Scola |
| | ) |
| The Fresh Market, Inc., Defendant. | ) |

**Order On Motion to Dismiss**

This matter is before the Court upon the Defendant's combined motion to dismiss the Plaintiff's Third Amended Complaint, or alternatively, to strike. For the reasons stated below, the Court **denies** the Defendant's motion. (**ECF No. 32**.)

**1. Background**

On April 8, 2021, the Plaintiff, Kenisha McDonald was shopping at The Fresh Market located at 18299 Biscayne Blvd., Aventura, Florida 33160. (ECF No. 30, at ¶ 2-3.) As she was walking towards the rear of the store, towards the meat and fish section, she states she "slipped and fell due to a transitory foreign substance which was present on the floor." (*Id.* at ¶ 3.) In her complaint, she further states that the "unidentified liquid substance was located adjacent to a refrigerated display case" and notes that there appeared to be a "soaked and soiled towel, which was placed there by the Defendant's employees" as a "pre-emptive attempt . . . to absorb this liquid." (*Id.* at ¶ 4.)

Based on these allegations, the Plaintiff brings two counts against the Defendant. Count I seeks to recover for negligent failure to maintain premises, and Count II seeks to recover for negligent failure to warn.

**2. Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

To maintain a negligence action under Florida law, a plaintiff must allege, "'(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury.'" *Marshon v. Fresh Market, Inc.*, No. 16-81609-Civ, 2017 WL 78797, at *4 (S.D. Fla. Jan. 6, 2017) (Middlebrooks, J.) (quoting *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)). In Florida, a business owner owes two duties to a business invitee: "(1) to take ordinary and reasonable care to keep its premises reasonably safe; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover." *Glasco v. Pembroke Lakes Mall, LLC*, 18-60551-Civ, 2019 WL 1112277, at * (S.D. Fla. Jan 15, 2019) (Valle, Mag. J.), *report and recommendation adopted*, 2019 WL 1115867 (S.D. Fla. Feb. 6, 2019) (Williams, J.). Moreover, in slip and fall matters involving a "transitory substance," Fla. Stat. § 768.0755 applies. Under this statute, an injured person "must prove that the business establishment had actual or constructive knowledge of the

dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Constructive knowledge may be proven by circumstantial evidence, such as that the condition exists for a sufficient length of time, or the condition occurred with regularity and therefore was foreseeable. *Id.*

Upon review of the Plaintiff's complaint, the Court finds that the Plaintiff has adequately stated claims for negligent failure to warn and negligent failure to maintain. In her complaint, the Plaintiff states that she was present at the Defendant's business as an invitee, that her injury occurred as she was walking towards the rear of the store towards the meat and fish section, and that she slipped on a unidentified liquid substance adjacent to a refrigerated display case which caused her injuries. The Court finds these allegations are sufficient to support the Plaintiff's negligence claims. *See Glasco*, 2019 WL 1112277, at *3 (collecting cases). Indeed, Count I and Count II of the Plaintiff's complaint, which are based on these same facts, state causes of action tied to the two duties Florida business owners owe to their customers. Furthermore, the Plaintiff has adequately alleged that the Defendant was on actual or constructive notice of the hazard at issue, as required by Fla Stat. § 768.0755. The Plaintiff's allegations that a "soaked and soiled towel" was placed as a "pre-emptive attempt" by the Defendant's employees to absorb the liquid shows it is plausible that the Defendant was on actual or constructive notice of the hazard which allegedly caused the Plaintiff's injury because one of the Defendant's employees attempted to clean up the liquid substance with a towel. While the Defendant argues that the Plaintiff has failed to allege that the substance at issue was concealed or hidden, the Court agrees with the Plaintiff that this is a question of fact not ripe for adjudication on a motion to dismiss.

Notwithstanding the above, in its motion to dismiss, the Defendant states that it believes the Plaintiff's complaint remains an impermissible shotgun pleading and must be dismissed. Indeed, the Court twice found that earlier iterations of the Plaintiff's complaint were such impermissible pleadings and struck the complaints so they could be properly replead. Despite the Defendant's arguments to the contrary, the Court does not find that the Plaintiff's third amended complaint is a shotgun pleading that must be dismissed. In support of its argument, the Defendant states that in Count I of the complaint, the Defendant cannot discern if the Plaintiff is alleging that the Defendant was negligent in maintaining the floor or a nearby display case, and further, that potential allegations pertaining to the display case sound in product liability and should be separately plead as a products liability cause of action. In its opposition to the Defendant's motion the Plaintiff states unambiguously, "this is not a products liability claim." (ECF No. 33, at 3.) As plead, it is not difficult for the Court to understand the basis of the Plaintiff's

claims against the Defendant. The Plaintiff slipped and fell on a liquid in the Plaintiff's store and the Plaintiff alleges the Defendant is liable for two counts of negligence based on the various duties that store owners owe to their invitees. Whether the Defendant was negligent in maintaining a display case or the floor, ultimately, an unidentified liquid pooled on the floor which allegedly caused the Plaintiff's fall. The Court disagrees that the Defendant is left "guessing as to why it is being sued" in an otherwise straightforward slip and fall case. (ECF No. 32, at 5.)

In its motion, the Defendant also asks the Court to strike photographs which are embedded in the Plaintiff's complaint based on their position that inclusion of photographs in a complaint is inconsistent with the Federal Rules of Civil Procedure. The Court finds it unnecessary to strike these photographs from the Plaintiff's complaint as the complaint sufficiently alleges negligence causes of action, as set forth above, with or without inclusion of the photographs in the Plaintiff's third amended complaint.

### 4. Conclusion

For the reasons set forth above, the Court **denies** the Defendant's motion to dismiss or alternatively to strike. (**ECF No. 32**.)

**Done and ordered** at Miami, Florida on June 1, 2021.

Robert N. Scola, Jr.
United States District Judge